46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Victor STEELE, Petitioner-Appellant,
v.
Robert FARLEY, Respondent-Appellee.
 No. 94-1308.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1995.*
Decided Jan. 31, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Victor Steele filed a habeas corpus petition, 28 U.S.C. Sec. 2254, seeking relief from disciplinary sanctions imposed on him based upon an offense that occurred while Steele was incarcerated at the Indiana Youth Center ("IYC"). The district court denied Steele's petition. We affirm.
 
 
 2
 On April 10, 1991, approximately three to four hundred offenders gathered behind an IYC dorm to protest over a fellow offender, James Morrison, being placed into segregation earlier that day. The demonstrators demanded that Morrison be released from segregation immediately. Investigator Quentin Storm filed a conduct report stating that staff identified Steele as being a main instigator of the demonstration.
 
 
 3
 Steele was subsequently charged with the offense of engaging in or encouraging others to engage in a group demonstration, work stoppage or refusal to work in violation of IYC Code # 223-B. On August 13, 1991, Steele was transferred to the Maximum Control Complex ("MCC") in Westville, Indiana. On August 16, 1991, Steele was given a Notice of Disciplinary Hearing listing his rights and notifying him that a hearing would be held on August 21, 1991. Steele pled not guilty. On August 19, 1991, Steele requested to meet with his lay advocate asking that he contact offenders at IYC to get information to aid in his defense. The lay advocate responded stating that his role was "only to see that [Steele's] due process rights are upheld not to defend [his] case nor assist in any other fashion." (Request for Interview, R. at 11). Steele did not request any witnesses for the hearing.
 
 
 4
 A hearing was held before the Conduct Adjustment Board ("CAB") at MCC on August 21, 1991. Steele was found guilty of engaging in or encouraging others to engage in a group demonstration. The CAB recommended sanctioning Steele through reduction in his credit class from Class I to Class II, one hundred and eighty days in disciplinary segregation and transfer to a level IV facility. The Superintendent approved the CAB's recommendation. Steele appealed the CAB recommendation to the IYC Superintendent and the Indiana Department of Corrections. Both denied his appeal.
 
 
 5
 In January 1994, Steele petitioned the district court for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The district court denied this petition and Steele appeals.
 
 ANALYSIS
 
 6
 The loss of good time credit as punishment for prison disciplinary offenses is a deprivation of liberty protected by federal constitutional due process. Wolff v. McDonnell, 418 U.S. 539 (1974); Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445 (1985). Constitutional due process requires that a prison inmate must be provided with: (1) written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. Wolff, 418 U.S. at 563-567. In addition, the findings of the prison disciplinary board must be supported by "some evidence" in the record. Hill, 472 U.S. at 454.
 
 
 7
 Steele makes two principal arguments in regard to the CAB proceedings: (1) he was denied the right to call and cross-examine witnesses; and (2) the CAB's decision was not supported by sufficient evidence. We are not persuaded on either ground that Steele's constitutional rights to due process were violated by the CAB proceedings. Steele's claim that he was denied the opportunity to call witnesses on his behalf remains unsubstantiated as Steele did not request the presence of any witnesses.[1] Steele argues that he did not make a request because he viewed it as an exercise in futility.[2] Futile or not, this exercise is what we as a reviewing court base our evaluation upon. Steele has never provided the names of desired witnesses or a sketch of the testimony he wished to elicit, thereby depriving all of the judicial bodies before which he has appeared a foundation upon which to rule on the import of their testimony. Steele cannot claim that the CAB proceedings were constitutionally infirm based on a denial of the right to call witnesses when he himself failed to request witnesses.
 
 
 8
 Nor can we find that the CAB proceedings were constitutionally infirm based upon Steele's charges that he was not afforded the opportunity to confront and cross-examine witnesses.[3] Under Wolff, an inmate is not entitled to confront or cross-examine witnesses in prison a disciplinary proceeding. Wolff, 418 U.S. at 568-569. See also Henderson v. United States Parole Commission, 13 F.3d 1073, 1078 (7th Cir.), cert. denied, 115 S.Ct. 314 (1994) ("Prisoners in [prison disciplinary proceedings] do not posses Sixth Amendment rights to confront and cross-examine witnesses."); Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992) (same). Since Steele had no right to confront and cross-examine witnesses, the alleged loss of this opportunity is not a violation of due process.
 
 
 9
 Steele also argues that the CAB's decision was based upon insufficient evidence. Our review of the CAB's decision is narrow; "the 'some evidence' standard requires us to ask whether there is any evidence in the record that could support the [CAB's] conclusion". Henderson, 13 F.3d at 1077. We will overturn the CAB's decision only if no reasonable adjudicator could have found Steele guilty based upon the evidence in the record. Id. The evidence before the board--the conduct report, investigation report and Steele's testimony--constitutes "some evidence" of Steele's guilt.[4]
 
 
 10
 In addition, Steele maintains his transfer from IYC three days after the reported offense was designed to prevent him from preparing a defense. No evidence of a motive for the transfer is offered by Steele and we do not believe the circumstances of Steele's transfer violated constitutional due process. The due process clause does not in and of itself create a liberty interest in remaining assigned to a particular institution and does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Meachum v. Fano, 427 U.S. 215, 223-225 (1976). Steele was charged with engaging in or encouraging others to engage in a demonstration and his transfer to a different facility seems easily justifiable for security reasons. Even without justification, the motive for Steele's transfer was not violative of his rights; "the reasons an inmate may be forced to leave a particular institution are irrelevant to the Due Process analysis". Castaneda v. Henman, 914 F.2d 981, 984 (7th Cir.1990) (citing Montanye v. Haymes, 427 U.S. 236, 242 (1976)), cert. denied, 498 U.S. 1124 (1991).
 
 CONCLUSION
 
 11
 We conclude that the process by which Steele was disciplined did not violate constitutional due process and AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Steele argues his lay advocate's failure to assist him, either in the preparation of his defense or at the hearing, amounted to deprivation of due process. We disagree; an inmate's entitlement to assistance is dependent on the inmate's illiteracy or the complexity of a case. Wolff, 418 U.S. at 569-570; Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir.1992). Steele does not argue his entitlement to an advocate, but complains about the poor quality of his representation. Dissatisfaction with the assistance given by one's lay advocate in a disciplinary proceeding, where no assistance was required, does not constitute a violation of constitutional due process
 
 
 [2]
 According to Steele, when he asked the person who read him the hearing notice, the same person who later acted as his lay advocate, whether he should request witnesses, he was told: "we will not bring them here and we will not go there to get any statements from them, so it does not matter but you can put down their names." (R. at 11). Granted the lay advocate's statement is less than encouraging, but Steele could have requested an extension of time and tried to personally contact potential witnesses through approved means of communication. Additionally, Steele could have detailed his difficulties in acquiring witnesses to the CAB; instead, Steele made no attempt to name witnesses or articulate how their testimony would aid in his defense
 
 
 [3]
 Steele argues that he had a right to cross-examine witnesses under Indiana Code Sec. 11-11-5-5(a)(6). This argument is without merit. Violations of state law are not cognizable in federal habeas proceedings. Estelle v. McGuire, 112 S.Ct. 475, 480 (1992). See also Stephens v. Miller, 13 F.3d 998, 1001 (7th Cir.1994) (en banc), cert. denied, 115 S.Ct. 57 (1994) (federal courts on habeas review will not consider the merits of a claim that state courts misapplied their own law); Reed v. Clark, 984 F.2d 209, 210 (1993), aff'd, 115 S.Ct. 57 (1994) (state's alleged failure to comply with state procedural safeguards does not violate federal constitutional due processes)
 
 
 [4]
 Steele argues that the investigation report is not evidence. He is incorrect; a written report from a correctional official is evidence for purposes of a prison disciplinary proceeding. Hill, 472 U.S. at 456-457; Pardo v. Hosier, 946 F.2d 1278, 1284-1285 (7th Cir.1991). Steele also argues that the investigator's failure to name the staff members who reported Steele means the report is based upon confidential information requiring the CAB to make a credibility determination. We disagree with Steele's characterization and find that the investigation and conduct reports were sufficient evidence of guilt. See Culbert v. Young, 834 F.2d 624, 627-631 (7th Cir.1987), cert. denied, 480 U.S. 990 (1988) (no violation of due process where disciplinary action based finding of guilt upon statements in conduct report by staff that inmate was disrespectful)